UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JERALD OSCAR WICKS,

                Plaintiff,                Case No. 2:08-cv-77

v.                                                      Honorable Robert Holmes Bell

JOHN RUBITSCHUN et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2);1915A. An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465

F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir.2005). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I conclude that Plaintiff's complaint must be dismissed because it fails to state a claim upon which relief can be granted and Defendants are absolutely immune from suit.

## Discussion

I.  Factual allegations

Plaintiff is presently incarcerated at the Hiawatha Correctional Facility, serving a sentence of 15 to 30 years as a result of a 1992 first-degree criminal sexual conduct conviction.

Plaintiff became eligible for parole on May 20, 2005. After a parole hearing, he was denied parole on February 1, 2005, allegedly based upon false information. Plaintiff filed a petition for writ of mandamus in state court, which the court granted. The state court overturned the Parole Board's decision and remanded the matter for a new hearing. After the rehearing, Plaintiff was again denied parole on August 5, 2005, allegedly based upon an incomplete and inaccurate parole eligibility report. Plaintiff was privately told by Christopher McQueary, a member of the parole board who had not voted on either of Plaintiff's parole requests, that if he had not filed the petition for writ of mandamus in state court, he would probably have been granted a parole; further, that if he continued filing actions in state court, he would likely serve his maximum sentence. Plaintiff was subsequently reclassified to a higher security level and transferred to the Straits Correctional Facility.

Plaintiff received a third parole hearing in November 2006, and parole was denied on December 13, 2006. On June 27, 2007, Plaintiff filed a petition for habeas corpus challenging

the December 13, 2006, denial of parole, and seeking a rehearing. *Wicks v. Mich. Parole Bd.*, No. 2:07-cv-129 (W.D. Mich. 2007). He raised a Fourteenth Amendment due process claim and a First Amendment retaliation claim. On September 12, 2007, Plaintiff's petition was denied as to the due process claim, and went forward on the retaliation claim. (*See* docket #7). The petition has been served, and the case is pending.

Plaintiff's most recent parole hearing occurred in November 2007. He was denied parole on December 10, 2007, allegedly based upon an inaccurate parole eligibility report.

Plaintiff brings this suit against seven members of the Michigan Parole Board: John Rubitschun, James Quinlan, Charles E. Braddock, Stephen DeBoer, Artina Hardman, Christopher McQueary, and Laura Krick. He sues Defendants solely in their individual capacities. He claims that in violation of the First Amendment, Defendants retaliated against him for accessing the court. For relief, he seeks monetary damages.

II.     Failure to state a claim

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87

(1994); *see also Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997). In *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005), the Supreme Court reiterated "that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). The Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *Id.* Success on Plaintiff's claims for monetary damages would necessarily imply the invalidity of his continued confinement, so his action appears to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, Defendants are absolutely immune from suit.

### III. Immunity

It is well established that officials acting in a judicial capacity are entitled to absolute immunity, which provides a complete shield from money damages, *see Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978), and suits brought pursuant to 42 U.S.C. § 1983 are no exception to this rule. *Pierson v. Ray*, 386 U.S. 547, 552-53 (1967). This immunity extends to administrative officials performing functions closely associated with the judicial process. *See Cleavinger*, 474 U.S. at 200; *Butz v. Economou*, 438 U.S. 478, 513 (1978). Thus, members of a parole board, sued in their individual capacities, have absolute immunity from suit for damages for actions taken in the performance of their duties regarding the decision to grant, deny or revoke parole because these acts are functionally comparable to those of

a judge.[1]  *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Bd. of Pardons & Parole Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992); *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988); *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987); *Anderson v. Boyd*, 714 F.2d 906, 908-10 (9th Cir. 1983); *Horton v. Martin*, 137 F. App'x, 773, 775 (6th Cir. 2005); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001).

There are two exceptions to absolute immunity.  The first circumstance is where the actions are nonjudicial and not taken in the judge's official capacity, *Forrester v. White*, 484 U.S. 219, 227-29 (1988), and the second circumstance is where there is a "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Neither of the exceptions apply in this case. Moreover, a judge or an official performing a quasi-judicial function will not be deprived of immunity because the action he took was performed in error, done maliciously, or was in excess of authority.  *Id*.  Because the actions of which Plaintiff complains were taken by Defendant Parole Board members in their quasi-judicial function of deciding whether to grant or

---

[1] Plaintiff specifically states that he is suing Defendants in their individual capacities. However, even if Plaintiff was suing Defendants in their official capacities, they would be immune from monetary damages by operation of the Eleventh Amendment. The Eleventh Amendment prohibits individuals from suing the state in federal court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office.  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  As such, it is no different than a suit against the state itself.  *Id*; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55(1978) ("Official capacity suits ... represent only another way of pleading an action against an entity of which an officer is an agent."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). An exception to sovereign immunity exists where a plaintiff seeks prospective injunctive relief.  *See Ex Parte Young*, 209 U.S. 59, 60 (1908).  Plaintiff, however, seeks no such relief.

deny Plaintiff's parole, they are entitled to absolute immunity from Plaintiff's claim for monetary damages. Accordingly, I recommend that Plaintiff's complaint be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) as Defendants have absolute immunity from suit. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 31, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).