UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD OSCAR WICKS,

        Plaintiff,        FILE NO. 2:08-CV-77

v.        HON. ROBERT HOLMES BELL

JOHN RUBITSCHUN et al.,

        Defendants.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the complaint for failure to state a claim (docket #12). The matter presently is before the Court on Plaintiff's objections to the R&R (docket ##13, 14). For the reasons that follow, Plaintiff's objections are granted and the R&R is adopted in part and rejected in part as the opinion of this Court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A complaint may be dismissed for failure to state a claim if "'it fails to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is

a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## II.

In his complaint, Plaintiff alleges that Defendant members of the Michigan Parole Board violated his rights under the First Amendment by retaliating against him for filing prison grievances and a state-court action for mandamus. He also alleged that two employees of the Michigan Department of Corrections (MDOC) at the Boyer Road Correctional Facility (OTF) retaliated against him for filing grievances. The Magistrate Judge recommended that the complaint be dismissed both because it failed to state a claim and because Defendant members of the parole board were entitled to immunity. Plaintiff has filed objections to the R&R.

A.  <u>Defendants McQueary and Krick</u>

In his first objection, Plaintiff asserts that the Magistrate Judge erred in concluding Defendants Christopher McQueary and Laura Krick were entitled to judicial immunity from Plaintiff's claim for monetary damages. According to Plaintiff, McQueary and Krick are not members of the parole board, but are, respectively, an Assistant Resident Unit Manager and Assistant Deputy Warden at OTF. Plaintiff's objection is well taken. Because Defendants McQueary and Krick were not parole board members acting in a judicial capacity, they are not entitled to absolute judicial immunity. However, upon review of the complaint, the Court

concludes that Plaintiff's allegations against Defendants McQueary and Krick fail to state a claim.

Plaintiff alleges that, on October 25, 2006, Defendant McQueary informed Plaintiff that the parole board wanted to interview him. McCreary prepared Plaintiff's Parole Eligibility Report (PER). According to the complaint, Plaintiff informed McQueary that report was "inaccurate and incomplete, and that the Court had previously ruled on this issue, and had Ordered the MDOC to prepare a complete and accurate PER in accordance with the law." (Compl., ¶ 14.) Plaintiff told McQueary that, if the report was not corrected, he would be forced to file a grievance and then another civil suit, in which he would seek damages. McQueary allegedly responded, "[I] hope you plan on doing your max[.]" (*Id.*) At his parole hearing, Plaintiff allegedly told the interviewer about unidentified mistakes in the PER, and he apparently produced 15 additional documents that ostensibly were not mentioned in the PER. The interviewer, however, refused to take any of the documents for review by the other panel members. The parole board members ultimately voted for a 24-month continuance. When Plaintiff was informed by McQueary of the parole board's decision, McQueary allegedly told Plaintiff that "had he not been filing documents on the Parole Board with the Circuit Court that [Plaintiff] probably would have went [sic] home. He stated that if there was anyone that he thought should have went home it was the Plaintiff." (Compl. ¶ 18.) Plaintiff then informed McQueary that he was going to have to go back to court because of the wrong information in the PER. McQueary informed Plaintiff that, if he continued, he

would probably see his maximum sentence. At the same time, McQueary informed Plaintiff that he was being transferred to a facility 300 miles away (Straits Correctional Facility), where he would be held at a higher security level. According to the complaint, Krick had authorized the transfer and security-level increase earlier that day. Plaintiff alleges that Krick conspired with McQueary to retaliate against Plaintiff for filing grievances.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).

With respect to Defendant Krick, Plaintiff's claim is wholly conclusory. Plaintiff has

made only one allegation against Krick: she conspired with McQueary to retaliate for the filing or threatened filing of grievances. As the Court previously discussed, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Plaintiff has alleged no facts that would support an inference that Assistant Deputy Warden Krick had a retaliatory animus. *Id.* Further, it is well established that to state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *See Twombley*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140 at *1 (6th Cir. Oct. 30, 1996). Here, Plaintiff has done no more than state a legal conclusion that Krick conspired to retaliate against Plaintiff because Plaintiff filed grievances and a lawsuit against parole board members and because Plaintiff threatened to file a grievance against Defendant McQueary. No facts are alleged that would support a plausible conclusion that Krick had any involvement, knowledge or concern with Plaintiff's grievances or lawsuits. Plaintiff therefore fails to state a claim against Defendant Krick.

With respect to McQueary, Plaintiff also fails to state a claim. Plaintiff has failed to

identify actions by McQueary that may be considered sufficiently adverse to support a retaliation claim. Plaintiff arguably suggests four types of adverse action: (1) the denial of parole based on Plaintiff's prior lawsuits and grievances; (2) McQueary's statement, "I hope you plan on doing your max" in response to Plaintiff's indication that he intended to file a grievance and a lawsuit; (3) McQueary's apparent refusal to change the PER to comport with Plaintiff's preference after Plaintiff threatened to file a lawsuit; and (4) the retaliatory transfer.

Neither the first nor the fourth type of alleged adverse action can properly be attributed to McQueary. A defendant's statements or conduct are not evidence of retaliation if the defendant is not the decisionmaker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). Defendant McQueary was not the decisionmaker in the denial of Plaintiff's parole or in the decision to change Plaintiff's security classification and transfer him to another facility.

As to the second possible type of adverse action – McQueary's comment about Plaintiff's likelihood of doing his maximum sentence – the Court concludes that a corrections officer's comment or implied threat about the likelihood of a prisoner being released on parole cannot by itself be considered adverse action. Where the power to grant or deny parole rests with the parole board, not with any correctional staff, Defendant's comment would not deter a person of ordinary firmness from exercising his First Amendment rights.

The final type of adverse conduct alleged by Plaintiff is Defendant McQueary's apparent failure to change Plaintiff's PER to include unspecified additional information that Plaintiff preferred to have included for the parole board's review. Plaintiff's allegation is insufficient. Plaintiff does not indicate that McQueary included, intentionally or otherwise, any erroneous negative information in the PER. He only vaguely suggests that McQueary's PER was inaccurate because it did not include every program completed by Plaintiff in the section titled "Other Programming." The Court is unpersuaded that a corrections officer's decision not to revise a PER to include additional positive information could plausibly be considered adverse action.

Further, the Court concludes that Plaintiff has not adequately alleged a causal connection between any protected conduct and McQueary's decision not to modify the PER. Plaintiff alleges that he was engaged in protected conduct when he filed grievances and a lawsuit about his parole. Plaintiff, however, does not suggest that McQueary was the subject of any of those grievances or lawsuits or that McQueary, in initially preparing the PER, had reason to be motivated to retaliate for those grievances. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d

at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

Plaintiff has failed to allege a causal connection between the grievances and lawsuit filed against the parole board and McQueary's completion of the PER. Instead, Plaintiff's allegations suggest that McQueary's only alleged adverse action was his failure to make corrections to an already prepared PER in retaliation for Plaintiff's threat to file another grievance or lawsuit.

For purposes of this discussion, the Court assumes that some threats to file grievances or lawsuits arguably may rise to the level of protected conduct. *But see Wade-Bey v. Fleury*, No. 2:07-cv-117, 2008 WL 2714450, at *6 (W.D. Mich. July 8, 2008) (a threat to file a frivolous lawsuit cannot constitute protected conduct). However, the Court is not persuaded that a prisoner engages in "protected conduct" when he threatens to sue an officer unless the officer takes some action the Plaintiff wants. Moreover, a plaintiff in such a circumstance cannot show a causal connection between the alleged protected conduct and any action, adverse or otherwise, taken by the Defendant. Here, McQueary's initial completion of the PER cannot plausibly be considered to be causally connected to the protected conduct when

it occurred *before* Plaintiff threatened to sue. And Plaintiff's allegations about McQueary complain only that he took no different action after the alleged protected conduct. Such allegations are insufficient to support a plausible claim of retaliation. *See Momah v. Dominguez*, 239 F. App'x 114, 125-26 (6th Cir. 2007) (employer conduct that was the same before and after the alleged protected activity was insufficient to show a causal connection); *see also Twombley*, 550 U.S. at 565.

For all these reasons, Plaintiff's claim of retaliation against Defendant McQueary fails to state a claim.

B. Declaratory and Injunctive Relief

The Magistrate Judge concluded that Plaintiff's claim against Defendant parole board members was barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because success on Plaintiff's monetary claims would necessarily imply the invalidity of his continued confinement. The Magistrate Judge also concluded that Defendant parole board members were entitled to judicial immunity from Plaintiff's claims for damages. Plaintiff responds that he is not seeking monetary damages from Defendants Rubitschun, Quinlan, Braddock, DeBoer or Hardman, and he concedes that a damage action against them would be barred as set forth in the R&R. The Court therefore adopts that portion of the Magistrate Judge's conclusions.

Plaintiff contends, however, that he is seeking a declaration that, by denying his parole, Defendants retaliated against him for the exercise of his First Amendment rights. He

alleges that he is entitled to seek declaratory relief under the reasoning of *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The Court agrees that, under *Wilkinson*, 544 U.S. at 81-82, a claim for declaratory relief is not barred by the doctrine of *Heck*, 512 U.S. 477. Nevertheless, the Court concludes that Plaintiff's complaint for declaratory relief against the Defendant parole board members should be dismissed without prejudice, as it seeks a subset of the same relief Plaintiff previously requested in a habeas corpus petition filed June 27, 2007, which is currently pending in this Court. *See Wicks v. Michigan Parole Board et al.*, No. 2:07-cv-129 (W.D. Mich.). In his habeas action, Plaintiff (Petitioner) requests a determination that the Michigan Parole Board retaliated against him for filing his state-court mandamus action and an injunction requiring that he be afforded a new and meaningful hearing in front of fair and impartial parole board members. Maintenance of the instant action, therefore, is entirely redundant and poses the potential of conflicting results. As a consequence, while Plaintiff was not required to seek his relief in a habeas action under the reasoning of *Wilkinson*, given that he already has done so, he is not permitted to seek the identical relief in a separate civil action. *See Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (recognizing that dismissal is appropriate where two pending federal actions seek identical relief) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule [concerning the contemporaneous exercise of concurrent jurisdiction] has evolved, the general principle is to avoid duplicative

litigation."). *See also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) ("[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001) (same); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (dismissal of the second suit is a permissible disposition). Accordingly, this claim will be dismissed without prejudice.

**III.**

Having considered each of Plaintiff's objections, the Court hereby grants in part and denies in part Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as modified by this Opinion. A judgment consistent with this Opinion shall be entered.

Dated: July 6, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE